UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STAROLEE L. PROUT,<br><br>        Plaintiff,<br><br>     v.<br><br>KIOLO KIJAKAZI, Acting Commissioner of<br>the Social Security Administration,<br><br>        Defendant. | CAUSE NO.: 3:19-CV-107-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Amended and Unopposed Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 26], filed on August 26, 2021. The Defendant filed a response [ECF No. 29] on September 7, 2021, indicating no objection to the requested fee. For the reasons stated below, the Motion is GRANTED.

**BACKGROUND**

On December 19, 2013, the Plaintiff filed applications for supplemental security income and disability insurance benefits, alleging disability beginning on December 1, 2012. AR 20, 64, ECF No. 12. After the Administrative Law Judge issued an unfavorable decision, the Plaintiff filed a Complaint in this Court, and on October 31, 2017, the Court reversed and remanded the case for further proceedings. *Id.* at 666–67. On March 15, 2018, the Court awarded the Plaintiff's attorney Equal Access to Justice Act (EAJA) fees in the amount of $2,775.00. *See Prout v. Comm'r of Soc. Sec.*, 3:17-CV-254 (N.D. Ind. Mar. 15, 2018), ECF No. 25. On remand, the Plaintiff's claim was denied. AR 523–38. The Plaintiff filed a new Complaint [ECF No. 1] in this Court on February 20, 2019. On March 6, 2020, the Court reversed and remanded this case for further proceedings. *See* ECF No. 21. On October 26, 2020, the Court awarded the Plaintiff's

attorney EAJA fees in the amount of $2,556.50. ECF No. 24. Ultimately, the Social Security Administration awarded the Plaintiff past-due benefits in the amount of $54,242.50, twenty-five percent of which was withheld for the payment of attorney fees in the amount of $13,560.63. *See* Notice of Award 3, ECF No. 27-3.

In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $13,560.63. Pl.'s Mem. 1, ECF No. 27. In the retainer agreement, the Plaintiff agreed to pay her attorney twenty-five percent of all past-due benefits. *See* Fee Contract, ECF No. 27-1. Counsel represents that, if fees are awarded under § 406(b), he will refund to the Plaintiff the $5,331.50 in EAJA fees previously awarded. *See* Pl.'s Mem. at 4, 7. Counsel represents that he will not request attorney fees under 42 U.S.C. § 406(a) for work performed at the administrative level. *See* Pl.'s Mem. at 5, 6.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $5,331.50 in EAJA fees, requests $13,560.63 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of

time an attorney has spent on a case. *Id.* In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount in attorney's fees is consistent with the contingency agreement, and counsel will refund the $5,331.50 in EAJA fees to the Plaintiff. Although counsel is entitled to an additional award of attorney fees under § 406(a) for work at the administrative level, counsel has stated that he will not request the § 406(a) fee. Counsel represents that 25.1 attorney hours were spent in federal court on this case, resulting in an effective hourly rate of $540.26. *See* Pl.'s Mem. at 5. This hourly rate is reasonable given the contingent nature of this case, the favorable past-due benefit award, the benefit the Plaintiff will receive in future monthly payments, and counsel's representation that he will not request a § 406(a) fee award. *See Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-273, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Attorney's Amended and Unopposed Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 26] and AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,560.63. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $5,331.50 in EAJA fees previously awarded in this case.

SO ORDERED on September 15, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
